UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BENEDICT MENSAH,

        NO. CIV. S-09-3196 LKK/EFB

    Plaintiff,

  v.

        <u>O R D E R</u>

GMAC MORTGAGE, et al.,

    Defendants.

                      /

    Plaintiff brings claims against nine defendants relating to plaintiff's home loan. Four separate motions to dismiss are pending in this case, as is a motion to strike. Plaintiff's counsel, Sharon Lapin, has repeatedly failed to file oppositions or non-oppositions to these motions. For the reasons explained below, the court dismisses this case with prejudice, sanctions plaintiff's counsel in the amount of $150, refers this matter to the Disciplinary Committee of the State Bar of California, and orders plaintiff's counsel to show cause why a further sanction of $500 should not issue.

1

**I. Background**

**A.   History of This Case**

Plaintiff filed suit in this court on November 17, 2009. Four groups of defendants, each represented by counsel, filed separate motions to dismiss.

Defendant GMAC Mortgage's motion (Dkt. No. 12) was noticed for the earliest hearing, for February 8, 2010. E.D. Cal. Local Rule 230(c) obliged plaintiff to file an opposition or statement of non-opposition no later than January 25, 2010. Prior to this deadline, on January 22, 2010, plaintiff filed a status report in preparation for the Fed. R. Civ. P. 16 scheduling conference. (Dkt. No. 27). The court reviewed this status report on the day it was filed, noticed that this status report indicated plaintiff's ignorance of GMAC's pending motion, and therefore called plaintiff's counsel on January 22 to remind plaintiff of the impending deadline. Notwithstanding this reminder, plaintiff failed to file an opposition or statement of non-opposition. On January 28, 2010, the court continued hearing on GMAC's motion to February 22, 2010, ordered plaintiff to file an opposition or statement of non-opposition by February 8, 2010, and ordered plaintiff to show cause why sanctions should not issue, including dismissal of this case and/or a fine of $150. (Dkt. No. 29).

The next noticed hearing was for the motion to dismiss and motion to strike filed by PNC National Association, as successor to defendant National City Bank. (Dkt. Nos. 15, 17). These motions were initially noticed for hearing on February 22, 2010.

Accordingly, plaintiff's oppositions or statements of non-opposition to these motions were also due on February 8, 2010.

On February 8, plaintiff's counsel filed a response to the court's January 28 order to show cause. The court quotes this response in full:

> After receiving the January 28, 2010, Order to Show Cause, I checked my calendar and realized that the preparation date of the opposition slipped through my calendar. As the Court may be aware, this case is one of a large number of "predatory lending" cases which have been filed in the Eastern District Court on behalf of my clients. The staff working on these cases have been overwhelmed with work. Additional staff have now been hired to address these calendaring issues, and hopefully this type of mistake will not occur again.

Plaintiff's Response to Order to Show Cause (Dkt. No. 34). Although plaintiff filed this response by the deadline set by the court's January 28 order, plaintiff again failed to file an opposition or statement of non-opposition to GMAC's motion, and plaintiff also failed to respond to PNC National's motions.

Plaintiff filed an amended complaint two days after this deadline, perhaps in an attempt to moot the pending motions. This amended complaint is untimely. Pursuant to the amendments to Fed. R. Civ. P. 15 that took effect on December 1, 2009, Rule 15(a)(1) now provides that:

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after

3

> service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

In this case both the complaint and the Rule 12 motions were served after the effective date of the amendment, so it is clear that the amended rule applies. (Dkt. Nos. 6, 32). The latest-filed Rule 12 motion was filed on January 7, 2010, and the latest service of the complaint was completed on December 16, 2009 (Dkt. Nos. 17, 32). The right to amend as a matter of course thus expired before February 11, 2010.[1] Accordingly, the court disregards plaintiff's amended complaint.

**B.  Other Cases Brought by Sharon Lapin**

Unfortunately, Lapin's conduct in this case appears typical of her conduct in dozens of other cases currently pending in this district. The court takes judicial notice of the filings in these cases. Fed. R. Evid. 201. By rough estimate, Lapin has represented plaintiffs in nearly 70 mortgage filed cases in this district within the past year. Six of these cases have been before the undersigned. Beyond the above-captioned matter, Lapin has failed to timely respond to Rule 12 motions in <u>Mejia et al. v. Countrywide Loans et al.</u>, 2:09-cv-02346 and <u>Borja et al. v. Countrywide Home Loans et al.</u>, 2:09-cv-02393. In another case she

---

[1] Moreover, a Fed. R. Civ. P. 16 scheduling conference was held in this case on February 1, 2010, and the scheduling order issued on pursuant to that conference provides that no amendments will be permitted without leave of the court, such leave to be granted only upon a showing of good cause. Order of Feb. 4, 2010, 2 (Dkt. No. 33). Plaintiff have neither sought leave nor attempted any showing of good cause.

4

timely responded to a motion to dismiss only by filing a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1)(i). Toburen v. Bank of America, N.A., 2:09-cv-03237. In the two remaining cases no deadlines have yet passed--thus, the lack of misconduct in these cases is not evidence of good behavior. Tran et al. v. Washington Mutual Bank et al., 2:09-cv-03277, Tran et al. v. Indymac Federal Bank et al., 2:10-cv-00078.

Lapin has not shown any greater respect to the court, her clients, or defendants in her suits before the other judges of this district. A thorough review of these missed deadlines is beyond the scope of this order. The court notes, however, that the explanation offered here has been repeatedly offered to other judges in response to similar failures. See, e.g., Peay v. Midland Mortgage Co., No. 2:09-cv-02228, Declaration of Sharon Lapin Re: Order for Sanctions, Feb. 11, 2010 (Dkt. No. 54); Topete v. HSBC Mortgage Servs. Inc., No. 2:09-cv-02367, Declaration of Sharon Lapin Re: Order for Sanctions, Feb. 4, 2010 (Dkt. No. 34).

## II. Discussion

A variety of authorities impose obligations on attorneys who appear before this court, and each authority carries with it a separate enforcement power.

Here, Lapin violated Local Rule 230(c) by failing to file a timely opposition or statement of non-opposition. Lapin then violated this court's January 28 order by failing to file a response by the extended deadline. Local Rule 110 provides that "Failure of counsel or of a party to comply with these Rules or

5

with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Violation of this rule and the court's order warrants dismissal, imposition of a monetary sanction, and referral to the State Bar of California for investigation into possible attorney misconduct.

**A.  Lapin's Failure Is Unexcused**

Lapin states, in essence, that she failed to respond to GMAC's motion because she has filed more cases than she can handle. The present situation is unlike the one Lapin faced last fall, where the undersigned found that Lapin's failure to file timely responses in other cases was excused by the death of her father in law on November 1, 2009. Borja, No. 2:09-cv-02393, Order of Nov. 16, 2009 (Dkt. No. 14), see also, e.g., Cempa et al. v. Saxon Mortgage Services, Inc. et al., No. 2:09-cv-02235, Minute Order of Jan. 4, 2010 (Dkt. No. 24) (Damrell, J.). Unlike the prior situation in these other cases, Lapin does not attribute her present failure in this case to any unpredicted circumstance. Moreover, the complaint in this case was filed *after* the events which excused Lapin's prior failures.

An attorney has a duty to represent his or her clients competently. This duty is embodied by Rule 3-110 of the California Rules of Professional Conduct of the State Bar of California, "Failing to Act Competently." These rules are made applicable to practice before this court by E.D. Cal. Local Rule 180(e). Rule 3-110 provides in full that

> (A) A member shall not intentionally, recklessly, or repeatedly fail to perform legal services with competence.
>
> (B) For purposes of this rule, "competence" in any legal service shall mean to apply the 1) diligence, 2) learning and skill, and 3) mental, emotional, and physical ability reasonably necessary for the performance of such service.
>
> (C) If a member does not have sufficient learning and skill when the legal service is undertaken, the member may nonetheless perform such services competently by 1) associating with or, where appropriate, professionally consulting another lawyer reasonably believed to be competent, or 2) by acquiring sufficient learning and skill before performance is required.

If Lapin knowingly took on more cases than she could competently handle, she violated Rule 3-110. See Woodfin Suite Hotels, LLC v. City of Emeryville, No. C. 07-1719, 2008 U.S. Dist. LEXIS 20306, *25 (N.D. Cal. March 14, 2008).

At this juncture, the court does not decide whether Lapin in fact violated this rule. Instead, the court notes that Lapin's proffered excuse does not actually excuse her conduct, and the court refers the matter to the State Bar of California for investigation. E.D. Cal. Local Rule 184(a) ("In the event any attorney subject to these Rules engages in conduct that may warrant discipline . . . the Judge or Magistrate Judge may refer the matter to the disciplinary body of any Court before which the attorney has been admitted to practice."). This referral is an investigation, and not itself discipline. As such, Due Process does not require that Lapin be provided with notice and opportunity to respond prior

7

to referral. Price v. Lehtinen (In re Lehtinen), 564 F.3d 1052, 1059 (9th Cir. 2009).

**B.  Dismissal**

The Ninth Circuit has held "Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). "Before dismissing the action," however, "the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)).

Because the public policy favoring resolution on the merits will always indicate against dismissal as a sanction, the court looks to whether the remaining factors are sufficient to overcome this policy. In this case, the first three factors heavily weigh in favor of dismissal. As Lapin herself admits, she has filed "a large number" of similar cases in this district. While this is not per se objectionable, Lapin's consistent failure to timely litigate these cases heavily interferes with the court's ability to manage it's docket, prolonging both Lapin's cases and others. The rules at issue here are not merely technical requirements designed to smooth the litigation process. Lapin's failure brings this case to a halt; it will be difficult if not impossible for the case to proceed unless Lapin responds to the pending motions. Moreover,

defendants in this case may face a stronger than normal risk of prejudice, as this suit may interfere with defendants' ability to collect on the loan that is the subject of this suit.

The fifth factor also supports dismissal. The court has already continued the hearing on GMAC's motion, offering Lapin an opportunity to cure her initial failure. In this case and others, lesser sanctions and the threat thereof have proven inadequate to ensure compliance.

The policy favoring resolution on the merits is therefore outweighed by the other factors. The repeated failure to respond to noticed motions in this case harms the court and defendants. Lapin has failed to respond three times in this case alone, despite warnings from this court. Because such warnings have proven ineffective, and absent an adequate excuse for these failures, dismissal is appropriate.

**C.   Monetary Sanctions**

The court further finds that a monetary sanction of $150 is warranted by Lapin's initial failure to comply with Local Rule 230(c) with respect to GMAC's motion. Lapin is ordered to show cause why an additional sanction of $500 should not issue for Lapin's subsequent failure to comply with this court's order directing her to respond to GMAC and Lapin's separate failure to respond to PNC National Association's motion. The court notes that monetary sanctions for failure to comply with local rules and court orders may be issued even absent bad faith. Zambrano v. City of Tustin, 885 F.2d 1473, 1478 (9th Cir. 1989).

### III. Conclusion

For the reasons stated above, the court ORDERS as follows:

1. Plaintiff's complaint is DISMISSED WITH PREJUDICE as a sanction for plaintiff's failure to comply with Local Rule 230(c) and this court's order of January 28, 2010. Pursuant to Fed. R. Civ. P. 41(b), this dismissal shall operate as an adjudication on the merits.

2. Plaintiff's counsel is SANCTIONED in the amount of one hundred and fifty ($150.00) dollars. This sum shall be paid to the Clerk of the Court no later than twenty-one (21) days from the date of this order. Counsel shall file an affidavit accompanying the payment of this sanction which states that it is paid personally by counsel, out of personal funds, and is not and will not be billed, directly or indirectly, to the client or in any way made the responsibility of the client as attorneys' fees or costs.

3. Plaintiff's counsel is ORDERED TO SHOW CAUSE in writing why further sanctions should not issue in accordance with Local Rule 110, including a fine of $500, for counsel's violation of the January 28, 2010 order and for counsel's failure to comply with Local Rule 230(c) with respect to the motion filed by defendant PNC National Association. Counsel shall file a response to this order to show cause no later than twenty-one (21) days from the date of this order.

1  4. The Clerk of the Court shall serve a copy of this order
2     on the State Bar of California at the following address:
3        Intake Unit
4        The State Bar of California
5        1149 South Hill Street
6        Los Angeles, California 90015
7  5. Within twenty-one (21) days of the date of this order,
8     counsel for plaintiff shall deliver a full copy of this
9     order to her client, and counsel shall file an affidavit
10    with this court stating that this order has been so
11    delivered.
12 IT IS SO ORDERED.
13 DATED: February 23, 2010.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT